| | |
|---|---|
| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| | |
|---|---|
| GILBERT DURAN, #09533-078 § | |
| § | |
| *versus* § | CIVIL ACTION NO. 4:16-CV-851 |
| § | CRIMINAL ACTION NO. 4:14-CR-53(9) |
| UNITED STATES OF AMERICA § | |

## MEMORANDUM OPINION AND ORDER

In a motion to set aside judgment (#40), *pro se* Movant Gilbert Duran asks the Court to reconsider its Final Judgment dismissing his Motion to Vacate, Set Aside, or Correct a Sentence filed pursuant to 28 U.S.C. § 2255.

### I. MOTION FOR RECONSIDERATION

The Fifth Circuit has observed that "[a]ny motion that draws into question the correctness of a judgment is functionally a motion under Civil Rule 59(e), whatever its label." *Harcon Barge Co. v. D&G Boat Rentals, Inc.*, 784 F.2d 665, 669-70 (5th Cir. 1986) (en banc) (citing 9 Moore's Federal Practice ¶ 204.12[1] at 4-67 (1985)). "Rule 59(e) serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence. . . . Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (internal citations and quotations omitted). The Fifth Circuit recognizes that Rule 59(e) "favor[s] the denial of motions to alter or amend a judgment." *Southern Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993). The rule does not exist to be a vehicle for re-litigating old issues, presenting the case under new theories, obtaining a rehearing on the merits, or taking a "second bite at the apple." *Sequa Corp v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998). However, it allows a party to "question the correctness of a judgment." *Templet*, 367 F.3d at 478. The rule for reconsideration of a final

judgment allows a court to alter or amend a judgment because of (1) an intervening change in controlling law, (2) the availability of new evidence not available previously, (3) the need to correct a clear error of law or fact, or (4) to prevent a manifest injustice. *Schiller v. Physicians Res. Grp., Inc.,* 342 F.3d 563, 567 (5th Cir. 2003).

## II. DISCUSSION

The record shows that the United States Magistrate Judge issued a Report and Recommendation in which she recommended that Movant's § 2255 motion be denied and dismissed with prejudice because the issues Movant raised were without merit (#35). Nineteen days later, having received no objections, this Court adopted the Report and Recommendation, denied Movant's § 2255 motion, and dismissed the case (#36). Two days later, the Clerk of Court received Movant's objections (#38).

In the instant motion for reconsideration (#40), Movant complains that he did not receive the Report and Recommendation until March 18, 2020. The record confirms that Movant did not receive the Report until March 18, 2020 (#39); accordingly, Movant's objections were timely filed as they were filed within fourteen days of receipt of the Report. As a result, the Court has conducted a *de novo* review of Movant's objections. In his objections, Movant reurges that his guilty plea was invalid based on ineffective assistance of counsel. He mistakenly claims, however, that the Report states that he waived his ineffective assistance of claims. Movant is incorrect. The Report notes that Movant's plea agreement included a waiver of most issues on appeal and on collateral review, but that he reserved the right to appeal the failure of the Court, after accepting the agreement, to impose a sentence in accordance with the terms of this agreement. The Report also notes that Movant reserved the right to appeal or seek collateral review of a claim of

2

ineffective assistance of counsel. After fully discussing the validity of Movant's knowing and voluntary guilty plea, the Report also fully discussed Movant's ineffective assistance of counsel claims and concluded that Movant failed to show that, but for counsel's alleged deficient performance, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). Movant fails to show the Report was in error or that his constitutional rights were violated.

In sum, Movant fails to show an intervening change in controlling law, the availability of new evidence not previously available, the need to correct a clear error of law or fact, or the need to prevent a manifest injustice based on the dismissal of his case. *Schiller,* 342 F.3d at 567. He fails to show he is entitled to relief.

### III.  CONCLUSION

It is therefore **ORDERED** that Movant's objections (#38) are **OVERRULED**. It is further **ORDERED** that Movant's Motion to Alter or Amend Judgment (#40) is **DENIED**. All motions by either party not previously ruled upon are **DENIED**.

SIGNED at Beaumont, Texas, this 15th day of April, 2021.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE